In the Matter of EDGARD JUDAS. PEARL E. HONIG, Appellant; ROSE I. WEINER, et al., Respondents.—In a special proceeding pursuant to article 77 of the Mental Hygiene Law for the appointment of a conservator of the property of Edgard Judas, petitioner appeals from so much of a judgment of the Supreme Court, Kings County, dated September 4, 1979, as appointed Seth Rubinstein as coconservator. Judgment affirmed insofar as appealed from, without costs or disbursements. While it is usually the practice to designate a member of the family as conservator, in view of the factual circumstances revealed in the record, Special Term properly exercised its discretion in appointing a disinterested person. Damiani, J. P., Gulotta, Margett and Weinstein, JJ., concur.

In the Matter of MICHAEL M. MURPHY, an Infant, et al., Appellants, v BOARD OF EDUCATION OF THE ARLINGTON CENTRAL SCHOOL DISTRICT et al., Respondents.—Appeal by the claimants from an order of the Supreme Court, Dutchess County, dated October 26, 1979, which denied their motion to change the place of a deposition demanded by a notice of examination served upon them by the respondent school district pursuant to section 50-h of the General Municipal Law. Order affirmed, with $50 costs and disbursements. We agree with Special Term that the provisions of the CPLR, and particularly CPLR 3110, are not applicable to an examination under section 50-h of the General Municipal Law, since an examination under the latter section is to be held prior to the commencement of an action against the municipal body (see *Fitzgerald v Sanitation Dist. No. 6 of Town of Hempstead,* 89 Misc 2d 1078; *Matter of Mitchell v County of Dutchess,* 66 Misc 2d 522). Therefore, the claimants' motion to change the "venue" of the section 50-h examination from Sullivan County, where the respondent school district's attorneys maintain their office, to Dutchess County, where the claimants reside, was properly denied. Damiani, J. P., Titone, Margett and Martuscello, JJ., concur.